# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TIMOTHY P. KELLY,

      Appellant,

    v.

DEPARTMENT OF VETERANS
  AFFAIRS,

      Agency.

DOCKET NUMBER
DA-0752-18-0150-I-1

DATE: February 8, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Timothy P. Kelly</u>, Metairie, Louisiana, pro se.

<u>LaTasha C. Clark</u> and <u>Justin Wade Sweat</u>, Jackson, Mississippi, for the
  agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his constructive removal appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. For the reasons discussed below, we VACATE the administrative judge's finding that the appellant's behavior cited in the agency's admonishment and proposed admonishment warranted some form of discipline, and we AFFIRM the initial decision in all other respects. Except as expressly indicated in this Final Order, the initial decision of the administrative judge is the Board's final decision.

For the reasons described in the initial decision, we agree with the administrative judge's finding that the appellant failed to meet his burden of raising a nonfrivolous allegation[2] of the Board's jurisdiction over his constructive removal appeal. Initial Appeal File (IAF), Tab 12, Initial Decision (ID) at 2 n.2, 5-9; *see Edwards v. Department of the Air Force*, 120 M.S.P.R. 307, ¶ 6 (2013) (explaining that an appellant generally is entitled to a jurisdictional hearing if he raises a nonfrivolous allegation of Board jurisdiction over the appeal); 5 C.F.R. § 1201.56(b)(2)(i)(A); *see also Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶¶ 7-8, 11 (2013) (observing that an employee may establish Board jurisdiction over an alleged involuntary retirement as a constructive removal by proving, among other things, that he lacked a meaningful choice in the matter and it was the agency's wrongful actions that deprived him of that choice).

---

[2] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s).

However, we vacate the administrative judge's finding that the appellant's alleged behavior described in the March 20, 2015 admonishment and December 16, 2015 proposed admonishment warranted some form of discipline. ID at 7-8; IAF, Tab 5 at 29-30, 48-51. In *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994), the Board held that, in determining whether an appellant has made a nonfrivolous allegation of jurisdiction, an administrative judge may not weigh evidence and resolve conflicting assertions of the parties, and the agency's evidence may not be dispositive. Here, the appellant alleged that the agency's admonishments were "specious." IAF, Tab 1 at 14. Therefore, we find that the administrative judge improperly relied on the agency's evidence in making a finding on the merits of the admonishments.

In his petition for review, the appellant makes the following arguments: the agency failed to issue a proposal before issuing the March 20, 2015 admonishment, which itself was retaliation for claiming harassment by the Human Resources Specialist; the agency's inaction in failing to make a decision on the December 16, 2015 proposed admonishment created a hostile work environment; the agency tricked him when it wrongfully failed to reassign Personal Identity Verification (PIV) duties from his Records and Information Management Specialist position to the newly hired Support Services Specialist position; the agency should not be allowed to redefine positions and to assign duties at its whim because such actions render the Office of Personnel Management and position descriptions useless; when he joined the agency, he specifically chose his position because it did not require Information Technology duties; he tried for several months to have the agency reassign his PIV duties to the Support Services Specialist position; based on the agency's history of not adhering to common business practices and issuing retaliatory admonishments, he could no longer trust the agency; and the agency subjected him to a hostile work environment after he complained of its fraudulent practices. Petition for Review (PFR) File, Tab 1 at 3-4.

We find that the appellant's arguments on review have been thoroughly addressed in the initial decision; thus, we discern no basis for review. Specifically, we agree with the administrative judge's finding that, even assuming that all of the appellant's assertions regarding the agency's alleged wrongful actions are true and correct, his retirement was not involuntary. ID at 9; *see Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 32 (2000) (stating that dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions are generally not so intolerable as to compel a reasonable person to resign). The fact that the appellant faced a proposed admonishment does not rebut the presumed voluntariness of his ultimate choice to retire. *See Baldwin v. Department of Veterans Affairs*, 109 M.S.P.R. 392, ¶ 12 (2008) (observing that the fact that an employee is faced with the unpleasant choice of either resigning or opposing a potential adverse action does not rebut the presumed voluntariness of his ultimate choice of resignation). Further, instead of retiring, the appellant had the option of contesting the alleged discrimination and harassment through the equal employment opportunity process and appealing the March 20, 2015 admonishment through the grievance procedure. IAF, Tab 5 at 29-30; *see Axsom v. Department of Veterans Affairs*, 110 M.S.P.R. 605, ¶ 17 (2009) (finding that the appellant had the option to stand and fight the alleged discrimination, harassment, and retaliation rather than resign). Moreover, the appellant admits on review that he "was not tricked into retirement." PFR File, Tab 1 at 3.

Accordingly, we affirm the dismissal of the appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular

relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of

competent jurisdiction.[4]   The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.